Emmanuel Marshall, Doing Business as Harmony Homes Realty, Appellant,
against
Lesly Bataille, Doing Business as Bataille Realty, and Max Bataille, Respondents.




Mishiyeva Law, PLLC (Kamilla Mishiyeva, Esq.), for appellant.
Lesly Bataille and Max Bataille, respondents pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Adam Silvera, J.), entered April 29, 2016. The judgment, after a nonjury trial, dismissed the complaint.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
In this action, plaintiff seeks to recover the principal sum of $12,000, based on defendants' alleged failure to pay him the balance of a real estate brokerage commission. At a nonjury trial, plaintiff testified that, together with defendant Lesly Bataille, Doing Business as Bataille Realty, he had co-brokered the sale of premises owned by defendant Max Bataille, and that the parties had agreed that he would be paid half of a total 6% commission on the contract price of $1,200,000, or $36,000, but that he had instead been paid only $24,000. Defendant Lesly Bataille testified that the contract price for the premises had been $1,200,000, and that she had agreed to split a 6% brokerage commission evenly with plaintiff, but that, at the closing, which plaintiff had not attended, all the participants in the transaction had made concessions. As a result, the brokerage commission had been reduced from 6% to 4%, slightly over half of which had been paid to plaintiff. Following the trial, the complaint was dismissed upon a finding that plaintiff had failed to make out a prima facie case, and that defendant Lesly Bataille's testimony had been consistent and credible.
It appears from the record that the only matter in dispute was whether defendant Lesly [*2]Bataille had actual or implied authority to negotiate a reduction in plaintiff's commission. The parties provided no evidence on this issue. Under these circumstances, we are of the view that a new trial is warranted. 
Accordingly, the judgment is reversed and the action is remitted to the Civil Court for a new trial.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 09, 2018